# MINNETONKA OIL CO. v. CLEVELAND VITRIFIED BRICK CO.

No. 4725.    Opinion Filed July 13, 1915.

(150 Pac. 712.)

1. **PLEADING—Petition—Objection.** Where the sufficiency of a petition is for the first time raised by the objection to the introduction of testimony at the trial, such objection is not looked upon with favor, and every interdment will be resolved in favor of the pleader, and the pleading so attacked will be held sufficient, unless fatally defective.

2. **SAME—Action on Contract—Exhibit.** If a suit is predicated upon a written contract, the terms of the instrument, according to its legal effect, should be set out in the petition, and it is generally not sufficient to attach the instrument, or a copy thereof, to the petition, and then seek to make it a part of the pleadings by a reference thereto; yet when the question of the sufficiency of the petition on this point is first raised by an objection to the introduction of evidence, if the petition is lacking in some necessary allegation, the court will look to the attached exhibit to supply the deficiency, if it can be found there.

3. **SAME—Negativing Contingencies.** It is not necessary for the plaintiff to anticipate and negative contingencies in a contract, the happening of which would operate in favor of the defendant; but it devolves upon the defendant to plead and prove such matters.

(Syllabus by Mathews, C.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action by the Minnetonka Oil Company, a corporation, against Cleveland Vitrified Brick Company, a corporation. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

See, also, *ante,* p. 156, 149 Pac. 1136.

*Dillard & Blake,* for plaintiff in error.

*Bernstein & Spiers,* for defendant in error.

Opinion by MATHEWS, C. This action was instituted in the district court of Pawnee county by the plaintiff in error against the defendant in error, based upon a written contract made between the plaintiff and the Hammer Brick Company, and transferred to the defendant herein. To plaintiff's petition, the defendant filed a demurrer, which was not passed upon for some reason not shown in the record. Defendant afterwards answered, and plaintiff replied. The cause having come on to be tried upon the issues joined, the jury having been impaneled, and statements having been made by each party, when the plaintiff produced its first witness, the defendant objected to the introduction of any evidence, for the reason that plaintiff's petition failed to state facts sufficient to constitute a cause of action and failed to state such facts as would authorize the recovery of any sum, which objection was sustained, and the suit dismissed, from which action of the court the plaintiff appealed.

The petition of plaintiff, omitting the exhibits, is as follows:

"PETITION.

"Comes now the plaintiff, the Minnetonka Oil Company, and, complaining of the defendant, the Cleveland Vitrified Brick Company, alleges and states:

"(1) That it is a corporation, duly organized and existing under and by virtue of the laws of the state of Pennsylvania, and has complied with all the laws of the state of Oklahoma with reference to foreign corporations, and is licensed to do and transact business in said state. That the defendant, the Cleveland Vitrified Brick Company, is a corporation organized under the laws of the state of Oklahoma, and is and was at all times hereinafter mentioned the successor in interest to the Hammer Brick Company in the contract hereinafter set out.

"(2) Plaintiff further states that heretofore, to wit, on the 3d day of March, 1905, the said plaintiff entered into a written contract with the said Hammer Brick Company, under and by virtue of the terms of which the said plaintiff was to furnish gas to the said Hammer Brick Company for the manufacture of brick near the city of Cleveland in Pawnee county, state of Oklahoma, a true copy of said contract being hereto attached, marked 'Exhibit A,' and made a part of this plaintiff's petition. That prior to the 1st day of March, 1908, the said Hammer Brick Company sold and transferred to the Cleveland Vitrified Brick Company, defendant herein, all its right, title, and interest in and to said brick plant, and in and to the contract set out herein and marked 'Exhibit A,' and by virtue of said sale and purchase the said Cleveland Vitrified Brick Company became the successors in interest of the said Hammer Brick Company in and to said contract. That immediately after the completion of said brick plant mentioned in said contract the said plaintiff herein began to furnish gas to said Hammer Brick Company under the terms of said contract, and continued to furnish the same to the said Hammer Brick Company until it was succeeded in interest by the said defendant herein.

"(3) Plaintiff further states that it has continued to furnish gas to the said defendant gratuitously, until the 1st day of March, 1908, as provided by section 1 of said contract, from the time said defendant herein became successor in interest of the said Hammer Brick Company, and that since the 1st day of March, 1908, the said plaintiff herein has charged said defendant herein for gas at the rate of four cents per thousand cubic feet, meter measure, as provided by the terms of said contract.

"(4) Plaintiff, further complaining of said defendant, states that the said contract herein referred to, marked 'Exhibit A,' and made a part of this petition, contains, among other things, the following provision, which is the third paragraph of said contract: 'Third. If, after the 1st day of March, 1908, it shall be ascertained that any competitive city or town is furnishing gas at a rate lower

than four (4) cents per 1,000, for brick manufacture, then in such case the first party agrees·to furnish gas at the same rate, but not lower, however, than three (3) cents per 1,000 feet. And in case the first party shall hereafter furnish gas to any manufacturing plant at Cleveland at a lower rate than four (4) cents per 1,000 feet, it shall also make a like lower rate to the second party.'

"(5) Plaintiff states that no competitive city or town· has, since the 1st day of March, 1908, furnished gas for the purpose of manufacturing brick, at a lower rate than four cents, and that said plaintiff has never furnished gas to any manufacturing plant in Cleveland at a lower rate than four cents per 1,000 cu. ft., and that by reason of the terms of said contract the said defendant herein is indebted to the said plaintiff in the sum of four cents per thousand cubic feet for all gas consumed by said defendant. That a true and itemized account of all gas used and consumed under and by virtue of the terms of said contract, and of all payments made for same by the said defendant, since the 1st day of March, 1908, to the 1st day of April, 1912, is hereto attached, marked 'Exhibit B,' and made a part of plaintiff's petition.

"(6) Plaintiff further states that the said defendant is indebted to this plaintiff for gas used and consumed since the 1st day of March, 1908, to the 30th day of April, 1912, under said contract, in the sum of $44,919.32, and that no part of same has been paid to this plaintiff by the said defendant, or any person in its behalf, except the sum of $29,759.97, and that there is due, owing, and payable to this plaintiff by the said defendant, for gas consumed by the said defendant from the 1st day of March, 1908, until the 30th day of April, 1912, the sum of fifteen thousand one hundred fifty-nine and 35/100 ($15,159.35) dollars.

"Wherefore, plaintiff prays judgment against said defendant for the sum of $15,159.35, with interest thereon

from the 1st day of April, 1912, at the rate of 6 per cent. per annum, and for the costs of this action."

The record does not apprise us of the particular reason the trial judge gave for sustaining the objection to the introduction of evidence, nor are we able to glean such information from either of the briefs filed herein, as each argues different propositions and throws but little light on the subject.

An examination of the petition does not reveal to us such a defect as would be fatal upon an attack by a demurrer even, and it seems to us clearly sufficient when challenged by an objection to the introduction of evidence. Such objections, made after the trial has commenced, are not looked upon with favor, for it is not the policy of the law relating to procedure to permit a party to the suit to be lulled into a sense of security and enticed into announcing ready for trial, without having his pleadings attacked beforehand in any way, and then to trap him by an objection to the introduction of evidence. While it is admitted that a lawsuit is a state of warfare, and each side is permitted the use of every legitimate weapon from a 42 centimeter to a gas bomb, yet the method of submarine attack used in this case has never been countenanced with full sanction and approval by the courts.

Under the conditions as here presented, every intendment will be resolved in favor of the pleader, and the pleading so attacked must be held sufficient, unless fatally defective. In the case of *Sulsberger & Sons Company v. Castleberry*, 40 Okla. 613, 139 Pac. 837, we find:

"Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence

thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law."

See, also, *Johnston et al. v. Chapman et al.*, 38 Okla. 42, 131 Pac. 1076; *Marshall v. Homier*, 13 Okla. 264, 74 Pac. 368; *Hogan et al. v. Bailey*, 27 Okla. 15, 110 Pac. 890.

It will be observed that this action is predicated upon a written contract, and copies both of the contract and the itemized account are attached to the petition as exhibits. We are unable to discover that any necessary averment has been left out of the petition and in declaring on the contract, and none has been brought to our notice, and even though it be true, as a general rule of correct pleading, that the terms of the written instrument, according to its legal effect, should be set out in the petition, and it is generally not sufficient to annex the written instrument, or a copy thereof, as an exhibit, and then seek by a proper reference to make it a part of the pleadings, yet, when the point is first raised by an objection to the introduction of evidence at the trial, a most liberal construction will in every case be given to a pleading, and in such instance, if the petition itself is lacking in some necessary allegation, the court will look to the attached exhibit to supply the deficiency, if it can be found there. In the case of *State v. School District No. 3*, 34 Kan. 237, 8 Pac. 209, Judge Valentine says:

"The only ruling of the court below complained of in this case is the sustaining of an objection made by the defendant to the introduction of any evidence under the plaintiff's petition, upon the ground that the petition did

not state facts sufficient to constitute a cause of action against the defendant, and the dismissal of the plaintiff's action upon the same ground.    Preliminarily, we would say that such an objection is not favored by courts, and that where the sufficiency of the petition is raised for the first time, and only by such an objection, the courts will construe the allegations of the petition very liberally for the purpose of sustaining the petition, if it can reasonably be sustained.    *Barkley v. State,* 15 Kan. 99, 107; *Mitchell v. Milhoan,* 11 Kan. 617, 625, 626, and cases there cited.    Also, in this case, besides the direct allegations contained in the body of the petition, copies of the bonds and coupons sued on were attached to and made a part of the petition; and therefore, in construing the allegations of the petition, the contents of the bonds and coupons, as contained in such copies, must also be considered as a part of the petition."

See, also, *Quirk v. Clark,* 7 Mont. 31, 14 Pac. 669; *Stoddard v. Treadwell,* 26 Cal. 294.

Plaintiff, in its brief, contends that the third paragraph of the contract should be construed to mean that, whenever any competing corporation secured gas at 3 cents per thousand feet, then that should be the amount charged defendant, and that it devolved upon the plaintiff to allege affirmatively that such a contingency had not arisen, and a failure to so allege was fatal.    The happening of such a contingency would operate in favor of the defendant as a defense, and, being such, the duty devolves upon the defendant to allege and prove the same as a defense, and it is not necessary for the plaintiff to anticipate and negative matters of defense.    But if plaintiff be correct in its contention, still it is true that defendant had the right to declare upon said contract as it interpreted the same to be in effect, and this the plaintiff has done in paragraphs 4 and 5 of its petition.    If its interpretation

of the contract be not correct, it then becomes incumbent upon the defendant to raise that point by alleging the correct construction that should be placed thereon, or by bringing the matter to the attention of the court by challenging the interpretation placed thereon by plaintiff by a demurrer.

For the reasons given, the judgment should be reversed and remanded.

By the Court: It is so ordered.