### VAUGHN et al. v. RYAN.

No. 11932—Opinion Filed Sept. 25, 1923.

Rehearing Denied Feb. 19, 1924.

**1. Trial—Demurrer to Evidence—Suit on Indemnity Bond.**

When suit is brought on an indemnity bond to recover the penal sum therein named and charging a breach of its conditions, and the answer of the principal and sureties admits the execution of the bond, but denies that its conditions have been violated by them, putting the original bond in evidence, does not, standing alone, create any presumption that the terms thereof have been breached, and there being no further proof offered by plaintiff, a demurrer to the evidence interposed by defendants should be sustained.

**2. Indemnity—Action on Bond—Burden of Proof—Instructions.**

Where suit is filed to recover the penalty named in an indemnity bond and charging a breach of the conditions thereof, and the principal and sureties answer admitting the execution of the instrument, but denying that the conditions thereof have been violated, the burden of proof is upon the plaintiff to establish the breach of the conditions contained in the instrument, and an instruction that the burden of proof is upon the defendants to show that the conditions of the bond have been performed constitutes reversible error.

**3. Dismissal—Motion by Plaintiff to Dismiss Action.**

Where a plaintiff begins a suit by filing a petition, and thereafter files his motion to dismiss the petition, and upon the call of the case on assignment the plaintiff does not appear for trial and his absence is in no wise explained, the court has no discretion in the matter but to sustain the motion and dismiss the petition, unless there is some question of unpaid costs involved.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action in the name of James H. Ryan, as plaintiff, against W. R. Vaughn, Ned Calkins, J. L. Hawthorne, and J. J. Calkins, defendants, seeking to recover the penalty on an indemnity bond. From the judgment defendants appeal. Reversed and remanded with directions.

W. R. Chesnut, for plaintiffs in error.

Shannon & Shannon, for defendant in error.

Opinion by SHACKELFORD, C. The parties will be referred to as they appeared in the trial court.

It appears from the record in this case that shortly prior to the 21st day of February, 1918, James H. Ryan was the owner of a drug store in the town of Commerce, in Ottawa county, Okla. That some time in the early part of said month he made a deal with W. R. Vaughn in which he sold said store to Vaughn, subject to an indebtedness owing by Ryan to various creditors amounting to $4,383.59, which Vaughn as a

part of the consideration for the store assumed and agreed to pay.

That the said Ryan induced Vaughn to execute to him an indemnity bond with the other defendants as sureties, to hold Ryan harmless from any damages by reason of default upon the part of Vaughn in carrying out his agreement to pay the said indebtedness. The instrument bears date of February 21, 1918, and is signed by all the plaintiffs in error. The instrument is in words and figures as follows:

"We, the undersigned, hereby acknowledge ourselves to owe and be indebted to James H. Ryan in the sum of $4,383.59, which we hereby bind ourselves, our heirs, executors and administrators to pay in good and lawful money of the United States.

"The condition and consideration for this bond is that the said James H. Ryan has sold, transferred and delivered to W. R. Vaughn a certain stock of drugs and other merchandise in the city of Commerce, Oklahoma, known as the Ryan Pharmacy, and the fixtures belonging to said pharmacy and that the said James H. Ryan is indebted for goods, wares and merchandise bought for and on account of said pharmacy in the said sum of $4,383.59 to the following named persons, firms and corporations in the sums set opposite their names, to wit: (Here follows a list of the debts owing by Ryan.) And that the said W. R. Vaughn has assumed and agreed to pay said debts.

"Now, therefore, if the said W. R. Vaughn shall well and truly pay off and discharge said debts, and save the said James H. Ryan harmless against the payment of costs or damages that may accrue on account of a default of the said W. R. Vaughn in the payment of said debts, then this bond shall be void; otherwise it shall be and remain in full force and effect.

"In Witness Whereof the undersigned have subscribed their names hereto on this 21st day of February, 1918.

"(Signed) W. R. Vaughn,
"J. L. Hawthorne.
"Ned Calkins,
"J. J. Calkins."

On the 15th day of November, 1918, suit was filed in the Ottawa county district court for the recovery of the penalty fixed on the bond to wit: $4,383.59, because:

"Defendant W. R. Vaughn wholly failed and refused to pay the debts specified and enumerated in said bond which were owing by this plaintiff and that the defendants have failed and refused to pay to him the said sum of $4,383.59 which they were bound and obliged to pay by the terms and conditions of said bond."

On the 21st day of January, 1919, the defendants appeared and filed their motion to dismiss because plaintiff was not the real party in interest, and on May 1, 1919, filed a motion to make more definite and certain which in part sought to require the plaintiff to allege what amount of damages and costs, if any, he had sustained; and on November 20, 1919, filed another motion to dismiss for several reasons not necessary to set out here. On November 24, 1919, there was filed in the case a motion to dismiss as follows: "Comes now the plaintiff and moves the court to dismiss the above entitled cause with prejudice," and purports to have been signed by the plaintiff, James H. Ryan. What was done, if anything, with the several motions to dismiss is not disclosed.

On the 26th of November, 1919, defendants answered, admitting the execution of the bond, but in effect denying that it had been breached, and denying all liability thereunder. For further answer defendants set up affirmative defenses, which will not be necessary to set out.

The case was reached for trial on the 7th of May, 1920, H. L. Shannon, the attorney who filed the suit, appeared for the plaintiff, defendants appearing in person and by attorney, and the cause was submitted to a jury and a verdict returned by the jury in favor of the plaintiff for the sum of $2,-383.59, upon which judgment was entered.

In due course defendants filed a motion for a new trial, and among other assignments we find the following:

"The verdict and judgment are contrary to the evidence.

"Errors of law occurring at the trial.

"Error of the court in not dismissing the cause on motion of plaintiff.

"Error of the court in giving instruction No. 5."

The view we take of the case it will not be necessary to examine the other assignments of error.

The record discloses that upon the trial of the case, the plaintiff did not appear, and that after the statement of the case by the attorneys for opposing sides, the attorney appearing for the plaintiff introduced the indemnity bond in evidence and rested. Whereupon defendants demurred to plaintiff's evidence, which demurrer was by the court overruled and exception allowed. This was error. The court should have sustained the demurrer to plaintiff's evidence. When plaintiff sued upon the indemnity bond, alleging that the terms of the bond had been breached and the breach was denied by the

obligators, a question of fact was presented which the bond itself could not determine. The execution of the bond was admitted, but the breach of its conditions was denied and putting the bond in evidence did not establish prima facie that the terms thereof had been violated. Some proof was required in addition to the bond itself. It is elementary that an indemnity bond put in evidence is not proof of the violation of its terms and conditions.

Following the order of the court overruling defendants' demurrer to the evidence offered on the part of the plaintiff the defendants offered testimony tending to support the affirmative defenses set up in their answer. Among other things offered by defendants they offered in evidence the motion filed purporting to have been signed by the plaintiff to dismiss the case. The court sustained an objection to the introduction of this motion. We are unable to determine from either the briefs of the parties or from an examination of the record what action was taken by the court upon this motion to dismiss, nor is there any explanation as to why it was not sustained and the cause dismissed.

At the close of the trial the court instructed the jury in instruction No. 5, over the objection of defendants, as follows:

"You are further instructed that if you find and believe from the fair weight and preponderance of the evidence in the case that the plaintiff Ryan and the defendant Vaughn upon or about the date alleged in the petition entered into a contract for the sale of goods, wares and merchandise as stated therein, and that as a part of the consideration of that contract that this bond was to be executed to the plaintiff Ryan, and that the condition of the bond was, as stated therein, and you further find that the conditions of that bond have been complied with by the defendant Vaughn, your verdict should be for the plaintiff and against the defendants in this case, unless you should further find by the fair weight and preponderance of the evidence in this case on behalf of the defendant that the defendant since the execution of the said bond has paid off and satisfied and discharged the indebtedness mentioned and set forth in the petition and in the bond sued upon; the burden of proof being upon the defendants in this case to establish by the fair weight and preponderance of the evidence in the case the payment in the case. However, it is admitted that payments have been made aggregating $350 and some cents, and your verdict should in no event exceed, if it is for the plaintiff, the sum of $4,032.91."

This instruction was wrong for two reasons: First, it placed the burden upon the defendants to show that the terms and conditions of the bond had been complied with, whereas the burden was on the plaintiff when suing upon the bond for the penalty therein fixed to show that its terms had been violated. Second, this instruction amounted to a direction, since the jury were told to return a verdict for the plaintiff if the defendants had complied with the terms of the bond, and were to return a verdict for the plaintiff if the defendants had not abided the conditions of the bond. Under this instruction there was no escape for the defendants. If they had complied with their contract they were liable, and if they had not complied with their contract they were liable.

It is not necessary to notice the other assignments of error.

We think, in the first place, that the court should have sustained the motion made by the plaintiff to dismiss the action. In the second place we think the court should have sustained the demurrer to the plaintiff's evidence and dismissed the action. Instruction No. 5 as given was so erroneous and misleading that it would necessarily work a reversal of the judgment.

Upon an examination of the whole procedure in this case, we are of the opinion that the judgment of the trial court should be reversed, and the cause remanded to the district court of Ottawa county, with directions to dismiss the plaintiff's petition.

We recommend that this action be taken.

By the Court: It is so, ordered.