## NORTH CAROLINA MUTUAL LIFE INS. CO. v. WHITE.

No. 19033.    Opinion Filed March 20, 1928.

(Syllabus.)

1. **Insurance—Action on Life Policy—Plaintiff not Required to Allege Performance of Conditions Subsequent.**

Under section 6728, C. O. S. 1921, the plaintiff in an action upon an insurance policy is not required to allege performance of promissory warranties, or conditions subsequent, but only of conditions precedent. Promissory warranties and conditions subsequent are matters of defense to be pleaded by the defendant.

2. **Insurance—Application for Policy—Solicitor as Agent of Insurer Alone.**

Any person who solicits insurance and procures applications therefor, in all matters relating to said application and the policy issued, is the agent of the company issuing the policy and not the agent of the insured.

3. **Same—Life Policy—Contract Completed by Agent Delivering Policy and Accepting Note for Premium.**

When an insurance company issues a policy of life insurance and its agent delivers the policy to the insured and such agent, on behalf of the insurance company, receives and accepts the promissory note of said insured for the amount of the first year's premium on said policy, this constitutes a completed contract and creates a liability on the

insurance company under the terms of the policy.

#### 4. Appeal and Error—Review—Finding and Judgment Reasonably Supported by Evidence not Disturbed.

Where disputed questions of fact are submitted to the trial court, in the absence of a jury, the finding and judgment of such trial court will not be disturbed on appeal if there is any competent evidence reasonably tending to support the same.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Fannie White against the North Carolina Mutual Life Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Charles A. Chandler, for plaintiff in error.

W. C. Peters, Sam A. Neely, and Burns McCain, for defendant in error.

PHELPS, J. This action was commenced in the district court of Tulsa county by Fannie White, plaintiff, to recover, as beneficiary, the sum of $1,000 against the North Carolina Mutual Life Insurance Company, as insurer, on a certain policy of life insurance alleged to have been issued by the insurance company on the life of Laura Whitus, mother of plaintiff. Plaintiff claims that the application for such life insurance was made to M. D. Russell, agent for the insurance company, that the premium thereon was $52.50 per annum, and that $5 of the first year's premium was paid in cash and a promissory note executed by the insured to said agent in the amount of $47.50 in payment of the balance of the year's premium; that medical examination was made and the insurance policy No. 47515 for the sum of $1,000 was issued to said Laura Whitus; that shortly after the delivery of said insurance policy said agent, Russell, prevailed upon the insured to turn the policy over to him under the pretense of having some correction made therein; that he absconded with said policy and for that reason a copy could not be attached to the petition. Plaintiff further alleges that within the year the insured died; that proper proof of such death was furnished the insurance company and that payment theron was refused. She alleges that the promissory note had never been presented for payment and in her petition tenders payment with interest thereon.

The insurance company filed its answer, denying generally the allegations of plaintiff's petition, and, further, denying the delivery of the insurance policy and denying the agent's authority to accept a promissory note in payment of the premium.

The cause was tried to the court without the intervention of a jury and judgment rendered for plaintiff for the full amount sued for, and the insurance company prosecutes this appeal.

Counsel for the insurance company presents the assignments of error upon which they rely for reversal under three different propositions, the first of which is that the petition of defendant in error, plaintiff in the court below, did not state facts sufficient to constitute a cause of action. More clearly stated, he claims that the petition in the trial court did not sufficiently plead the terms of the written contract of insurance and contends that, assuming that the petition alleged facts sufficient to excuse the failure to attach a copy of the policy to the petition, the terms thereof were not sufficiently set forth to show that the plaintiff had a cause of action, citing Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., 48 Okla. 745, 150 Pac. 712. An examination of this authority shows that it does not support counsel's contention. It appears that the written contract was attached to and made a part of the petition in that case, and the court said:

"An examination of the petition does not reveal to us such a defect as would be fatal upon an attack by a demurrer. * * *"

In the instant case defendant in error specifically pleaded the facts showing why she could not attach a copy of the policy to her petition and each succeeding step thereafter upon which she based her claim to recover.

In Great Western Life Insurance Co. v. Sparks, 38 Okla. 395, 132 Pac. 1092, this court held that, under section 6728, C. O. S. 1921, plaintiff was required only to allege conditions precedent and that promissory warranties and conditions subsequent were matters of defense. We, therefore, reach the conclusion that the trial court, in the instant case, committed no error in overruling the demurrer to the petition and holding that it stated a cause of action.

It is next contended by plaintiff in error that it was entitled to judgment on the pleadings. It appears that attached to defendant's answer was a copy of the application of the insured for the insurance policy sued on and this application provided that the company should incur no liability until the policy had been issued and delivered and the premium had actually been paid to and accepted by the company during the lifetime of the insured while she was in good health, and it is the contention of plaintiff

in error that the agent, Russell, was merely a soliciting agent and had no authority to waive any of the conditions written in the applications.

Section 6692, C. O. S. 1921, provides that:

"Any person who for compensation solicits insurance on behalf of any insurance company, or transmits for a person other than himself an application for a policy of insurance to or from such company, or offers or assumes to act in the negotiating of such insurance, shall be an insurance agent within the intent of this article, and shall thereby become 'liable to all the duties, requirements, liabilities and penalties to which an agent of such company is subject."

And section 6723, C. O. S. 1921, provides that:

"Any person who shall solicit and procure an application for insurance shall, in all matters relating to such application for insurance and the policy issued in consequence thereof, be regarded as the agent of the company issuing the policy and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever."

In Liverpool Insurance Co. v. McLaughlin, 70 Okla. 237, 174 Pac. 248, this court held that the solicitor was the agent for the insurance company. To the same effect is the holding in Reliance Co. v. Thayer, 84 Okla. 238, 203 Pac. 190, and Security Insurance Co. v. Cameron, 85 Okla. 171, 205 Pac. 151. Guided by these authorities we can reach no other conclusion than that the court properly overruled plaintiff in error's motion for judgment on the pleadings.

It is next contended by plaintiff in error that the evidence adduced by defendant in error, plaintiff below, did not prove a cause of action, insisting that the burden was upon plaintiff to prove that the company accepted the note in payment of the premium or that the agent had authority to waive the condition in the application. Under the authorities hereinbefore cited, this contention is, in our judgment, without merit. Under these authorities, it was only necessary for defendant in error to make proof that she made her payments for the first year's premium to the agent in the manner alleged.

Plaintiff testified that the agent Russell took the insurance application; that the insured paid him $5 in cash; that she executed her note for $47.50, the balance of the premium, and delivered it to the agent. A. C. Jones, another witness, testified to the same thing. They both also testified that the policy of insurance was by the agent delivered to the insured and that after such delivery it was, at his suggestion, returned to him.

Under this evidence, even if we should adopt the theory of the insurance company that the agent had no right or authority to accept a promissory note in payment of the premium, since the evidence shows that Russell, agent for the insurance company, delivered the policy after it was regularly issued by the company, the company would be held to have authorized the delivery of the policy and acceptance of the note in payment of the premium.

As to whether the policy was issued and delivered, as claimed by the plaintiff in the trial court, and as to whether the insured's note was executed and delivered to the agent of the insurance company in payment of the premium, were questions of fact to be determined by a jury or, in the absence of a jury, by the court sitting in judgment on the disputed questions of fact, and, since there is testimony reasonably supporting the finding and judgment of the trial court, such finding and judgment will not here be disturbed, and is, therefore, in all things, affirmed.

MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.