Jo Ann McATEE, Plaintiff,

v.

WES–LEE CORPORATION, d/b/a Pepsi Cola of Oklahoma City, Defendant,

Safeway Stores, Inc., Appellant,

Owens-Illinois, Inc., a Foreign Corporation, Defendant,

and

Pepsi Cola Bottling Company of Oklahoma City, Inc., Appellee.

No. 49959.

Supreme Court of Oklahoma.

June 28, 1977.

James M. Robinson, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellant.

Richard L. Bohanon, Bohanon & Barth, Oklahoma City, for appellee.

LAVENDER, Vice Chief Justice:

Jo Ann McAtee (McAtee) brought a personal injury suit alleging damages from an exploding soft drink bottle she had purchased. Two of the defendants were Safeway Stores, Inc. (Safeway) and Pepsi Cola Bottling Company of Oklahoma City, Inc. (Pepsi). By cross-petition against the other defendants, Safeway sought recovery for any judgment McAtee might receive against Safeway.

Prior to trial, Safeway and Pepsi, individually, settled the personal injury suit with McAtee. She entered a separate dismissal with prejudice as to each of them. Thereafter, Safeway amended its cross-petition against Pepsi. As amended, the cross-petition alleged a written instrument in the nature of an indemnity given by Pepsi for the benefit of Safeway. Trial court sustained a general demurrer lodged by Pepsi against Safeway's cross-petition. Trial court's judgment found Safeway had not stated a cause of action against Pepsi because there was no allegation the settled personal injury claim of McAtee's resulted solely, and independently of all other means, from the negligence of Pepsi. Safeway elected not to amend, but to stand on its cross-petition as pled and appeals.

Only the sufficiency of the cross-petition of Safeway, the appellant, against Pepsi, the appellee, is involved here. There is no fact dispute. For this appeal, parties agree the principal language of the written instrument is this:

(1) *  *  *,  the Seller (Pepsi):

(a) *  *  *

(b) *  *  *

(c) Does hereby agree to indemnify and save the buyer (Safeway) harmless from and against any and all claims, demands, actions and causes of action which are hereafter made or brought against the Buyer (Safeway) by any person for the recovery of damages for the injury *  *  * of any person *  *  * which is caused or alleged to have been caused by any handling, consumption or use by such person *  *  * of any article of food, drugs or other commodity shipped by Seller (Pepsi) to Buyer (Safeway), including, but without limitation, any judgment rendered against Buyer (Safeway) in any such action and the reasonable attorney's fees and costs, if any, incurred by or on behalf of Buyer (Safeway) in connection therewith.

(2) This guaranty is executed by Seller (Pepsi) upon and subject to the following conditions:

(a) \* \* \*

(b) \* \* \*

(c) With respect to paragraph (1)(c) hereof, the indemnity provisions therein contained shall not be applicable to any claim, demand, action or cause of action which is founded upon the alleged injury, \* \* \* of any person \* \* \* if it is established that such alleged injury, \* \* \* resulted, solely and independently of all other means, from the negligence of Buyer (Safeway) and/or such person and/or from a cause or causes beyond Seller's (Pepsi) control.

(Explanation as to identity of Seller as Pepsi and Buyer as Safeway is added.)

Safeway contends its cross-petition is an action on the indemnity contract with any conditions thereunder an affirmative matter to be raised by the indemnitor, Pepsi. Pepsi argues the insufficiency of the cross-petition for, (1) pleading the sole negligence of Pepsi is a condition precedent to liability under the indemnity, and (2) no breach of the indemnity contract is alleged.

Pepsi relies on *Vaughn v. Ryan,* 97 Okl. 226, 223 P. 344 (1923). There the indemnity was in the form of a bond. If certain debts were not paid, then the condition of the bond was broken and a penal sum was to be paid. Suit was brought to recover that penal sum. The bond and the terms of the bond that had been breached were pled. At trial, the plaintiff introduced the bond, but no evidence of non-payment of the debt. That was the breach of condition requiring payment under the bond. Sustaining a demurrer to the evidence was found correct. That is not the case here. *Vaughn, supra,* is not controlling.

By syllabus, this court in *Clifford v. United States Fidelity & Guaranty Co.,* 119 Okl. 133, 249 P. 938 (1926), said:

"In the interpretation of indemnity contracts, the cardinal rule is that which applies to contracts generally; namely, to ascertain the intention of the parties and to give effect to that intention if it can

be done consistently with legal principles."

Here, we turn to the language in the indemnity contract itself to ascertain the intention and to give effect to that intention. Section 1(c) encompasses a general indemnity against claims therein described. Section 2(c) does not contain a condition precedent[1] for liability under § 1(c). However, it does place a condition on the general indemnity. The indemnity is not applicable "if it is established" the injury resulted, solely and independently, from the negligence of Safeway, itself, the person injured, or a third party not controlled by Pepsi.

In *United States Fidelity & Guaranty Co. v. State,* 157 Okl. 27, 10 P.2d 454 (1932) suit was brought on a fidelity bond. There, the indemnitor sought to defeat the action by raising certain conditions contained in the bond that were not affirmatively pled. The rationale of the holding was that the conditions could have been waived and, if one sought advantages of the conditions, it was that party's duty to plead the same, otherwise the conditions were waived. That same rationale is applicable in present case. That required to be established by § 2(c) for the indemnity not to be applicable could be waived and the advantage of the condition not raised. For Pepsi to take advantage of the condition, it must be raised and pled by Pepsi.

Under the Pepsi position, Safeway would be required to allege, and subsequently prove, two negatives: That neither itself nor a third party, not controlled by Pepsi, was negligent or contributorily negligent. In *Minnetonka Oil Co. v. Cleveland Vitrified Brick Co.,* 48 Okl. 745, 150 P. 712 (1915) this court said by syllabus:

"It is not necessary for the plaintiff to anticipate and negative contingencies in a contract, the happening of which would operate in favor of the defendant; but it devolves upon the defendant to plead and prove such matters."

*Southern Sur. Co. v. MacMillan Co.,* (C.C.10th), 58 F.2d 541, 548, *certiorari denied* 287 U.S. 617, 53 S.Ct. 18, 77 L.Ed. 536.

---

1. Courts are disinclined to construe contract stipulations as conditions precedent unless compelled by plain language of the contract.

The cause of action alleged in the cross-petition seeks performance of the indemnity agreement. It is not suit for damages for breach of contract. Pepsi's argument that allegation of a breach is necessary is not good.

Here, the cross-petition states a cause of action and is not subject to a general demurrer. Any limiting conditions in the indemnity agreement are matters to be raised affirmatively by the party seeking the advantage of those conditions.

REVERSED AND REMANDED.

HODGES, C. J., and WILLIAMS, IRWIN, BERRY, BARNES, SIMMS, and DOOLIN, JJ., concur.