This action is upon a bond of indemnity which, after reciting that the plaintiffs had appointed one Frederick H. Fanning the general agent to sell and dispose of their sewing machines, was conditioned that the said Fanning should account for and pay over the proceeds of sales, etc. Afterward, Fanning took in two partners, one of whom retired in a few months, and the business was continued by Fanning and the other partner during the time the account accrued. The referee found that the sewing machines were delivered to the firm, and were to be paid or accounted for by them. If this finding is sustained, it is very clear within well settled principles, that the defendant is not liable. He agreed to answer for the default of Fanning, and not for the default of Fanning Dexter, or any other firm. (Bellairs v.Ebsworth, 3 Camp., 52; Dry v. Davy, 10 Ad. El., 30; Theobald on P. and S., 72.) The General Term reversed the judgment upon questions of fact, as certified in the order, and we must therefore review the questions of fact in order to determine whether the reversal was right. *Page 525 
The evidence is uncontradicted that the sewing machines were all delivered upon the order of Fanning, and were charged to him individually and not to the firm. There is no evidence that the plaintiffs ever gave credit to the firm or in any way recognized them as their debtor. It does appear that they knew of the existence of the firm, and delivered the machines at their place of business. We do not think this sufficient to change the relations between Fanning and the plaintiffs. The latter did no act creating or recognizing any change. The agencies or means which Fanning employed to dispose of the machines after receiving them did not necessarily interfere with the relations between him and the plaintiffs. He had a right to make any arrangements he pleased, independent of the plaintiffs. He might employ other persons to aid in selling, and pay them wages or a percentage, or a share of profits, as partners. So long as the plaintiffs confined their dealings with him under the power of attorney they would not be affected by any arrangements he should make. We do not think that the circumstance that the plaintiffs knew that Fanning had a partner, and that they delivered the goods at the place of business of the firm, is sufficient to establish that they changed or intended to change their relations to him, created by the power of attorney, against the uncontradicted evidence of one of the plaintiffs that the machines were all delivered upon the order of Fanning and were charged to him. The plaintiffs could not have refused to deliver machines upon Fanning's order on the ground that he had taken a partner.
The circumstance somewhat relied upon by the referee, that charges for other goods, connected with the sewing machine trade, were at first included in the account against Fanning, and afterward taken out and paid for by Dexter, is not inconsistent with the inference to be drawn from the other evidence, with the explanation made by the plaintiffs. The explanation was that when the account, including these charges, was presented, a question was made on behalf of the defendant, whether they were within the *Page 526 
terms of the bond; and thereupon Dexter, the other member of the firm, to avoid any question as to them, proposed to, and did pay the amount of these charges. It might fairly be inferred from this circumstance that the plaintiffs supposed the whole account stood upon the same footing as a valid account against Fanning; but would scarcely justify the inference that they regarded or treated it as an account against the firm. The plaintiffs would naturally be content to receive payment for the whole or any part of their account from any of the parties; and the motive of Dexter, although not difficult to infer, is not material. It does not appear that the plaintiffs made any claim against Dexter or the firm for any part of the account, and the presumption is that they claimed the whole of Fanning. The question turns upon the true character of the dealings of the parties; and we are inclined to think that the General Term has put a proper construction upon it.
This leads to an affirmance of the order of the General Term, which by the Code and the stipulation results in judgment absolute against the defendant.
All concur.
Order affirmed, and judgment accordingly.