## OLIVER H. P. ROGERS *vs.* FREDERIC SHEERER.

### Knox.    Opinion April 22, 1885.

#### *Shipping.    Master.*

Whether a contract entered into between two of several part-owners of a vessel, wherein they mutually stipulate that each shall sail the vessel as master alternate years, is void as against public policy — *quere.*

Assuming such a contract to be valid, the true construction of it is, that each shall sail the vessel alternate years, only so long as he performs the high and responsible duties of master with that degree of care, attention, prudence and fidelity which the law demands; and when he fails to do that, he can no longer invoke the aid of the contract against the other.

ON REPORT.

The opinion states the case and material facts.

*C. E. Littlefield,* for the plaintiff.

That construction which would make the contract legal is

preferred.    2 Parsons, Contr. 500, 505; *Higgins* v. *Wasgatt,* 34 Maine, 305.

The contract was not against public policy.    It does not pretend or attempt to bind any one but Sheerer and Rogers.   This precise question was decided in *Moore* v. *Curry*, 106 Mass. 409, cited and referred to with approval in *Loring* v. *Loring,* 64 Maine, 561, and was before the court again in Massachusetts in 112 Mass. 13.    Nor was the contract limited to the duration of only two years, nor to any other term short of the lifetime of the vessel.    *Holbrook* v. *Tobey*, 66 Maine, 412; *Pierce* v. *Fuller*, 8 Mass. 223; *Dean* v. *Emerson*, 102 Mass. 481; *Pemberton* v. *Vaughn*, 10 Q. B. 87; *Allen* v. *Parker*, 27 Maine, 532.

Counsel further contended, in an able argument, that the allegations of the defendant, that the plaintiff was not qualified and competent to perform the duties of master because he failed to pay over to the owners the earnings, because he neglected the vessel and because of his excessive use of intoxicating liquors, were not true in fact, nor supported by the testimony; that such matters could not be set up by the defendant as a defense to this suit and excuse his non-performance of his contract; that if such charges were to be made they were matters between the plaintiff and general owners and should be heard only in such matters and could not be brought into any controversy between the plaintiff and defendant.

*A. P. Gould,* for the defendant.

VIRGIN, J.    Assumpsit to recover damages for depriving the plaintiff of his alleged right, under a contract between the parties, to sail and navigate, as master, the schooner E. H. Potter.

The report discloses that on October 2, 1871, the plaintiff, defendant and several others contracted with one Bean to build for them a schooner, of about three hundred and fifty tons, according to certain written specifications, to be launched in the following April.

On October 5, 1871, the plaintiff and defendant executed an agreement therein "mutually stipulating that O. H. P. Rogers is

to sail the vessel as master for the first year and Fred Sheerer the second year, and then to alternate from year to year." Accordingly the plaintiff sailed her the first year commencing September 1, 1872, and the defendant the second, the parties alternating from year to year until May 1, 1877, when on demand, at Portland, the defendant refused to surrender to the plaintiff although he had been in charge since January 11, 1876. Whereupon this action was brought for breach of the above agreement.

The contract was executed by these parties alone and was not intended to be signed by any other owners.

There is strong reason and high authority for declaring such a contract void as against public policy, based upon the vast power and authority of a master of a vessel, the important nature of the trust imposed in him, the corresponding duty of exercising the utmost circumspection in his choice and appointment and the great importance that the exercise of this duty shall be by an unfettered judgment, as declared by Lord TENTERDEN, in *Card* v. *Hope*, 2 Barn. and Cr. 661, 674, 675.

Judge STORY, speaking of the authority of the major part-owners to appoint and displace the master, says: "But, then, this authority must be exercised by a free and impartial judgment. . . Any contract, therefore, made by some of the part-owners only, which is calculated to have the effect of fettering their judgment and of binding them to appoint, or concur in the appointment of, particular persons as master and officers is a violation of that duty. . . Such a contract is, therefore, utterly void, as against public policy and the true interest of commerce and navigation. . . Upon this ground a contract made by two part-owners who were the ship's husbands, with a third to sell him a part of their shares, and to be appointed master (they holding the majority of interest) and they to be continued as the ship's husbands and he or they to have the appointment of his successor, as master, has been held utterly void." Sto. Part. § 432.

The same doctrine is laid down in Fland. Sh. § 370.

Mr. Maclachlan, in his treatise on the law of Merchant Ship-

ping, speaking of the appointment of master, says: "In appointing to an office of such importance, the owners, or those of them with whom the appointment lies, being usually a majority in interest, are bound by a regard to their own advantage and much more by their duty to others, to proceed circumspectly in the exercise of a free and impartial judgment; and any contract which destroys that impartiality, *e. g.* by obligating them or some of them to concur in a particular appointment at the peril of an action is illegal and void." Macl. Sh. (2d ed.) 123. See also, Coll. Part. (Perk. ed.) § 1211; Abb. Sh. (Sto. and Perk. ed.) 136; *Ward* v. *Ruckman*, 36 N. Y. 26, 30.

However we do not place the decision of this case upon this ground, but upon its more immediate merits.

There are a very few contracts which expressly contain all of the intentions of the parties; hence they are to be construed with reference to their subject matter. In construing the contract sued on, we are not limited strictly to its express terms. It would be absurd for either party to contend that he was entitled to sail the vessel alternate years at all hazards; or that nothing short of the destruction of the vessel or of his own life could legally intervene. There are implied conditions along with which the express terms must be read in order to obtain the real intentions of the parties. The great power and authority of a master necessarily impose upon him commensurate duties and responsibilities, to perform which care, attention, prudence and fidility are exacted of him by the law. In other words the parties intended that each should sail the vessel alternate years so long and only so long as he performed the high and responsible duties of master with that degree of care, attention, prudence and fidelity which the law demands; and when he failed to do that he should no longer invoke the aid of the contract which he had broken.

It is fully proved and not denied that the plaintiff became a defaulter at the time of his last settlement with the general agents, in January 1876, to the amount of seven hundred and thirty dollars; no part of which has he ever paid and that he has not had any attachable property since then, but conveyed away, his

only share in the vessel at that time. This has been decided in admiralty to be sufficient cause for removal, as master, even though a part-owner. Fland. Sh. § 371.

Again the testimony is overwhelming that his habits of intemperance, especially during his last year, rendered him unfit to discharge his duties as master; and the general agents directed the defendant not to deliver the vessel over to his charge. Our opinion therefore, is that under the stipulation in the report, there must be,

*Judgment for the defendant.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and HASKELL, JJ., concurred.