## PERRY v. MERRILL et al.

No. 8958—Opinion Filed Dec. 24, 1918.

Rehearing Denied March 18, 1919.

Second Petition for Rehearing Denied June 10, 1919.

(Syllabus by the Court.)

**1. Principal and Surety—Surety for Firm— —Liability—Change of Obligation.**

While it is ordinarily true that a surety for a partnership will not be liable for the defaults of an individual after dissolution of the partnership, yet where the obligation of

a surety has been materially altered by a change of principals in the bond, and after knowledge of such change the surety consents thereto, and at his request business of the principal is continued thereafter, and the surety exacts a real estate mortgage from the remaining principal to indemnify himself against liability on the bond, held, that the change will not operate to release the surety.

**2. Insurance—Action on Bond—Parties.**

Where general agents of an insurance company appoint certain persons as local agents for said company, and take from such local agents a bond conditioned that such local agents will account for and pay over all moneys coming into their hands by reason of such appointment, naming such general agents as obligees in the bond, held, that such general agents are the proper parties to sue on such bond in case of breach thereof.

**3. Same—Sufficiency of Evidence.**

Evidence examined, and held sufficient to sustain the judgment.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Suit by F. J. Merrill and others against J. R. Biard and H. O. Chalfant, doing business as the J. R. Biard Realty Company, and F. T. Peery. Judgment for plaintiffs, and defendant Peery brings error. Affirmed.

Walter Mathews, for plaintiff in error.

Chas. West, for defendants in error.

HARDY, J. Merrill & Braniff sued J. R. Biard and H. O. Chalfant, doing business as the J. R. Biard Realty Company, and F. T. Peery upon a certain bond executed to plaintiffs with F. T. Peery and J. K. Gano as sureties. Judgment was for plaintiff, and Peery prosecutes error.

Merrill & Braniff were general agents of the Boston Insurance Company, and had appointed Biard and Chalfant as local agents, and required of them the bond in suit. It is urged by plaintiff in error that there was no competent evidence of defalcation, and that if any defalcation had occurred it was after the partnership existing between Biard and Chalfant had been dissolved. Originally one action was commenced against the principals and Peery, but because of misjoinder of actions, plaintiff was permitted to docket a separate action against the partnership for alleged defalcation and one upon the bond. Prior to the order of division summons had been served upon all defendants, and after the separate causes had been docketed defendant Peery was notified of the date the cause against the partnership was set for trial, but took no steps to defend therein, and judgment was rendered against J. R. Biard personally and against the partnership

for the amount of the defalcation. Thereafter in a trial of the instant cause this judgment was offered in evidence as tending to prove the breach of the bond by the principals therein, and it is urged that the judgment was not properly admitted, and is no evidence as against this plaintiff in error. It is held that a judgment against the principal in the bond is admissible in an action against the surety, although the surety was not a party to that action, and had no notice thereof, and is at least prima facie evidence against the surety. He is in such cases permitted to defend, however, by showing all matters that might have been asserted by the principal on the bond. 21 R. C. L. 1088, sec. 129, title Principal & Surety. In addition to this judgment it was shown in the instant case that Biard and Chalfant were partners, and that a commission was issued to them as local agents for the Boston Insurance Company, and naming plaintiffs as the obligees in the bond.

One of the main contentions is that after the execution of the bond the partnership was dissolved by the retirement of Chalfant, and that this operated as a release of Peery as surety thereon. It appears, however, that when Chalfant retired Peery was cognizant of this fact, and told Biard he did not need him anyway, and to continue the business as before. In addition Biard, at the request of Peery, conveyed to Mrs. Biard certain real estate, and executed to Peery a mortgage in the sum of $1,500 to secure Peery for his liability as surety. Thereafter J. K. Gano, a joint surety, and Peery agreed each to pay half of the liability on the bond, and in pursuance of this agreement Gano paid $250, but Peery refused to pay the balance. While it is ordinarily true that the surety for an individual is not liable for the defaults of a partnership, neither are sureties for a partnership liable for the defaults of an individual (Dolese Bros. Co. v. Chaney & Rickard et al., 44 Okla. 745, 145 Pac. 1119), yet where the obligation of the surety has been materially affected by a change of principals in his bond, and after knowledge of such change the surety consents thereto, and requests that the business be continued as before, and takes security to indemnify himself against loss by reason of liability on the bond, the change will not operate as a release of the surety. Woodcock v. Oxford & W. R. Co., 1 Drew, 521; Palmer v. Bagg, 56 N. Y. 523; Adams v. Haigler, 123 Ga. 659, 51 S. E. 638.

Merrill & Braniff were named as obligees in the bond, and were proper parties to maintain this action; they were general agents of the Boston Insurance Company, and we

may assume were liable to that company primarily for all the moneys received by them either by themselves as general agents or by local agents appointed by them, and it was for their personal protection the bond was required.

The judgment is affirmed.

All the Justices concur.