## SNYDER v. U. S. FIDELITY & GUARANTY CO.

No. 16977—Opinion Filed Sept. 28, 1926.

1. **Indemnity—Right of Action Against Indemnitor — Notice of Prior Action Against Indemnitee.**

Unless an express contract of indemnity otherwise provides, it is not necessary in order to maintain an action against the indemnitor to recover for a liability which has been determined in a prior action against the indemnitee; that the indemnitor should have been notified of the suit pending against the indemnitee. 22 Cyc. 93.

2. **Same—Right of Action by Indemnitee Against Indemnitor After Judgment.**

The indemnitee may discharge or satisfy a judgment against him and bring his suit for indemnity against the indemnitor, without waiting for the issuance of an execution.

3. **Same—Burden of Proof—Defense by Indemnitor.**

In a suit by the indemnitee against the indemnitor, based on a judgment rendered in a prior action against the indemnitee, proof of the judgment and satisfaction thereof establishes a prima facie case for plaintiff, indemnitee, and the burden of proof is upon the defendant, indemnitor, to establish his defense.

4. **Appeal and Error—Discretion of Court—Granting Recess.**

The granting of a recess by the court, during the progress of the trial, in order to give time for an absent witness to appear, is a matter of discretion, and unless it be clearly shown that there was an abuse of discretion, the action of the trial court will not be disturbed on appeal.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by the United States Fidelity & Guaranty Company against C. W. Snyder. Judgment for plaintiff, and defendant brings error. Affirmed.

Black & Black, for plaintiff in error.

L. M. Gensman, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Comanche county by the defendant in error, as plaintiff, against plaintiff in error, as defendant, to recover the sum of $1,572.45 under a contract of indemnity.

The facts as disclosed by the record show that the appellee, United States Fidelity & Guaranty Company, executed a bond of guaranty to the Farmers & Merchants Bank of Sterling, Comanche county, on behalf of John Edward Snyder, an employee of said bank, in the sum of $2,500, and appellant, C. W. Snyder, father of John Edward Snyder, executed and delivered to the appellee a bond of indemnity, indemnifying said company against any damage or loss it might sustain by reason of the bond executed in behalf of his son, John Edward Snyder. There was a defalcation on the part of John Edward Snyder in handling the funds of the bank of Sterling, and suit was brought by the bank against the guaranty company, appellee here, and a judgment recovered in favor of the bank for the amount sued for. The plaintiff's petition in this case sets forth the bond executed by the appellee, United States Fidelity & Guaranty Company, the bond executed by C. W. Snyder, the judgment against John Edward Snyder, and receipt executed by the bank, showing payment of said judgment by the appellee, guaranty company.

The defendant, C. W. Snyder, filed his answer, and admitted all the material allegations alleged in plaintiff's petition, and further answering, avers that the appellee, United States Fidelity & Guaranty Company, never became liable under its bond to the bank, and therefore this appellant, C. W. Snyder, never became liable to the company under his indemnity bond, for the reason that the bank did not, at the earliest possible moment after the pretended discovery of the act alleged to have given rise to the claim against the bank, notify the United States Fidelity & Guaranty Company, nor did said bank give any notice to Snyder, the indemnitor at the earliest possible moment after the pretended discovery as required by the bond; that the judgment herein

sued upon was rendered against the United States Fidelity & Guaranty Company by reason of a compromise, and without any good faith defense interposed by the company, and without the consent of this appellant, C. W. Snyder.

Upon the trial of the case to the court and jury, and at the close of the testimony on the part of plaintiff and defendant, plaintiff interposed a demurrer to the evidence of the defendant, whereupon the court sustained same, and discharged the jury, and rendered judgment in favor of the plaintiff, and against defendant for the amount sued for, to which order and judgment of the trial court, plaintiff took due exceptions, and to reverse same prosecutes this appeal.

Various specifications of error are assigned and numerous propositions are urged by appellant, but we shall only discuss such of the propositions as we deem essential to a proper disposition of this case.

The second proposition urged by appellant is that the court erred in overruling defendant's demurrer to plaintiff's petition, because the petition nowhere states that the United States Fidelity & Guaranty Company was compelled to pay the judgment to the bank of Sterling. No authority is cited in support of this contention, and we are inclined to the opinion that there is no merit in such contention.. We think the company was clearly within its rights in paying off the judgment of the court, and preventing additional cost which would have been incurred by the issuance of execution, or by appealing the case, and which would, in the event the case was affirmed, have become a liability against C. W. Snyder, the indemnitor.

Appellant next contends that the plaintiff company failed to allege the giving of notice by the bank to the company, and to this appellant, C. W. Snyder, of any act or default on the part of John Edward Snyder capable of giving rise to a claim under the bond or either of said bonds, at the earliest possible moment as required by the bond given to the bank. The authorities cited in support of this contention are not in point, and it is evident that the appellant, C. W. Snyder, could not raise this question as a defense in the instant case. The bank was under no contractual obligations to the appellant, C. W. Snyder, and the record fails to disclose the facts concerning notice in so far as the action between the bank and the company is concerned, and in a collateral attack against the judgment, such as is here made, the presumption would be that the

judgment was regularly obtained, and whether the notice was given or not is immaterial. It may have been given or it might have been waived, and in no event can this indemnitor, who was not a party to the contract of guaranty providing for the giving of notice, raise the question at this time. 22 Cyc. 93:

"It is not necessary in order to maintain an action against the indemnitor to recover for a liability which has been determined in a prior action against the indemnitee, that the indemnitor should have been notified of the suit pending against the indemnitee."

But unless notice is given the first judgment is prima facie evidence only of liability, and the indemnitor may show that the indemnitee had a good defense which he neglected to set up. If no notice of the suit is required, then it is obvious that no notice of the act or defalcation of the employee, which constitutes the basis of the action, would be necessary. Furthermore, these are matters of defense rather than necessary allegations in plaintiff's petition.

The next proposition urged by appellant is, that the court erred in holding that the burden of proof was upon the defendant, Snyder, to establish his defense by a preponderance of evidence. No authority is cited in support of this contention, and in view of the admission on the part of the defendant made in his answer, we think the court was eminently correct in its holdings. Section 287, C. S. 1921, provides:

"In all actions, allegations of the execution of written instruments and the indorsement thereon," etc., "shall be taken as true unless the denial of the same be verified by an affidavit of the party, his agent or attorney."

No such verified affidavit was filed in this proceeding, but, to the contrary, the defendant admitted the execution of all instruments pleaded, and the rendition of the judgment and the bond of indemnity sued on executed by appellant, C. W. Snyder, providing:

"* * That I will protect and immediately indemnify, etc., hereby admitting that the vouchers or other proper evidence showing payment by said guaranty company of any such loss, damage or expense shall be conclusive evidence," etc.

Under this provision of the contract, coupled with our statute, we think upon the introduction of plaintiff's petition, to which were attached all of the written instruments in controversy and relied upon, the burden of proof clearly shifted to the defendant, and that the evidence offered by the plain-

tiff. to wit, the bond, judgment, and receipt showing payment thereof, at least makes a prima facie case on the part of plaintiff.

Appellant next contends that the judgment should be reversed on account of the error of the trial court in refusing to grant a recess or postponement of the case, in order to give time for the appearance of an absent witness who, he alleges, had been unavoidably detained. This is a matter of discretion with the trial court, and in view of the fact that the record does not disclose who the witness was, why he was detained, or what he would testify to if present, and that the trial had been in progress since the convening of the court from 9 o'clock in the morning until about the middle of the afternoon, and the defendant had announced ready for trial at the beginning of the same, and all the facts and circumstances disclosed by the record, we think this clearly justified the trial court in the exercise of its discretion in refusing to grant a recess.

Appellant further contends that the court was in error in sustaining the demurrer to the evidence of defendant, and contends that there is no liability on the part of the indemnitor because the judgment was rendered pursuant to a compromise, and that same was gratuitously paid, but the record does not sustain this contention. There is nothing in the journal entry, or the judgment roll, that would indicate that the judgment was the result of a compromise, and even though it was, the same would not be subject to such an attack as is here made by this appellant, unless fraud, collusion, or lack of jurisdiction to render the judgment, had been pleaded as a defense. The payment of a valid judgment rendered by a court of competent jurisdiction cannot be said to be a gratuitous payment and no authority is cited holding it to be such.

In 22 Cyc. page 92, the rule is announced as follows:

"The indemnitee may discharge a claim or demand against him and bring his suit for indemnity without waiting for its legality or validity to be ascertained by legal proceedings."

And we think it would necessarily follow that the indemnitee may satisfy a judgment without waiting for an execution to issue.

As we understand the authorities, the only difference in the attitude of the indemnitor in such case, is that he may interpose any legal defense that might have been urged by the indemnitee whose defalcation or conduct gave rise to the claim, while, on the other hand, if the claim or demand has been regularly adjudicated and notice given, the indemnitor cannot avail himself of defenses which were personal to the indemnitee.

Finding no merit in the errors assigned, the judgment of the trial court should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 441, §39. (2) 31 C. J. p. 440, §36. (3) 31 C. J. p. 463, §62; p. 469, §72 (Anno). (4) 4 C. J. p. 810, §2781; 38 Cyc. pp. 1299, 1300.