## MARYLAND CASUALTY CO. v. BALLARD.

No. 17279.    Opinion Filed Sept. 13, 1927.

(Syllabus.)

**1. Pleading — Judgment Notwithstanding Verdict.**

In the absence of special findings, a trial court is without authority to render judgment notwithstanding the verdict, unless the same is warranted by the pleadings. Barnes v. Universal Tire Protector Co., 63 Okla. 292, 165 Pac. 176.

**2  Trial—When Directed Verdict Pr per.**

The court may direct a verdict for plaintiff or defendant, as the one or the other may be proper, only where the evidence is undisputed or is of such conclusive character that the court in the exercise of a sound judicial discretion would be compelled to set aside a verdict in opposition to it. Moore v. First Nat. Bank, 30 Okla. 623, 121 Pac. 626.

**3. Principal and Surety—Action by Surety on Official Bond to Recover on Contract of Indemnity for "Expenses Incurred"— Submission of Issues.**

Plaintiff furnished defendants official bond upon a written covenant that defendant would pay plaintiff any and all loss, costs, charges, suits. damages. counsel fees, and expenses incurred, or put to, in consequence of having executed such bond. Held, that in an action by plaintiff to recover such expenses, plaintiff, under the terms of such covenant and the provisions of section 5177, C. O. S., 1921, relating to interpre-

tation of indemnity, was entitled to recover such alleged expenses if the same actually were incurred in good faith and in the exercise of reasonable discretion, and that plaintiff was entitled to have such issues submitted to the jury without embodying in the instructions thereon the question whether the principal employed sufficient counsel to defend principal and surety, and whether such expenses were necessary on the part of the surety.

Commissioners' Opinion, Division No. 1.

Error from District Court, Jefferson County; M. W. Pugh, Judge.

Action by Maryland Casualty Company against W. J. Ballard to recover attorney's fees, court costs, and the amount of a certain judgment paid and incurred by the plaintiff as surety on the official bond of the defendant. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Ross & Thurman and Samuel J. Clay, for plaintiff in error.

Bridges & Vertrees and Green & Pruet, for defendant in error.

LEACH, C. Maryland Casualty Company originally filed this action in the district court of Jefferson county, Okla., to recover of and from W. J. Ballard the sum of $1,370 for moneys and sums paid out and expended by it for attorneys' fees, expenses, and a certain judgment recovered against it as surety on the official bonds of the defendant, W. J. Ballard, who was sheriff of Jefferson county, Okla.

The first four counts or causes of action set forth in plaintiff's petition were for the recovery of attorneys' fees and expenses alleged to have been paid out and expended in defense of certain suits and actions filed against it as surety and W. J. Ballard the principal, on the official bonds of the defendant. The last count or cause was to recover attorney's fees and expenses together with the amount and sum of $550 paid out in satisfaction of a certain judgment rendered against it as surety on the official bond of the defendant in a certain action in Oklahoma county, Okla, in which last action the defendant, principal on said bond, was not a defendant.

As a part of plaintiff's petition copies of the official bonds which plaintiff signed as surety together with defendant's application for such bonds and the written covenant, agreement. or indemnity of the defendant to plaintiff were attached. which covenant. among other provisions, contains the following:

"* * * And do bind myself, my heirs, executors and administrators to pay said company any and all losses, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature, which said company shall or may for any cause, sustain or incur, or be put to, for or by reason or in consequence of said companys having entered into or executing said bond or any renewal or continuation thereof. * * *"

The defendant filed a general demurrer to plaintiff's petition which was overruled and thereafter an answer was filed containing a general denial, except an admission that defendant was such sheriff, and the execution of the bond mentioned, and further setting forth in said answer that the defendant procured attorneys at his own expense as to the first four causes of action mentioned in plaintiff's petition, a n d defends such actions at his own expense, and if plaintiff took any action in said causes it was not at the request of defendant and was entirely unnecessary. As to the fifth cause of action in plaintiff's petition, the answer alleged that such suit mentioned in plaintiff's fifth cause of action was filed in a court which had no jurisdiction of the subject-matter, and if any judgment was rendered against defendant, Ballard. in said cause the same was void and of no effect unless his attorneys by collusion or otherwise induced him to submit himself to the jurisdiction of said court, and if any judgment was rendered against him it was by reason of the fact, if he was a party, that he was not properly or skillfully represented. And further answering, that the matters mentioned in plaintiff's petition occurred and were alleged to have occurred throughout a period of several years, during which time no demand was ever made upon defendant for the payment thereof; that plaintiff well knew defendant was diligently defending any and all actions brought against him and his said surety; that plaintiff never suffered any damage or hurt from any action mentioned in said petition except the suit mentioned in plaintiff's fifth cause of action, which was brought in a court having no jurisdiction of the subject-matter or of the defendant.

Apparently no further pleadings were had or made, and upon the issues thus joined a trial was had before a jury. The plaintiff submitted requested instructions asking a directed verdict in its favor upon each and all causes, which instructions were denied. A general verdict was rendered in favor of the defendant upon all causes, and judgment rendered accordingly. Motion for judgment notwithstanding the verdict was

filed by the plaintiff, which was overruled, and its motion for a new trial setting forth therein, among other things, error of the court in refusing plaintiff's requested instructions, and error of the court in giving to the jury over objection of the plaintiff, instructions Nos. 5 and 6, which motion for new trial was overruled and plaintiff brings the action on appeal to this court. The parties will be referred to as they appeared below.

Plaintiff's brief is largely devoted to the argument that the trial court, as well as this court, should direct and enter a judgment in its favor; that the trial court erred in refusing its plaintiff's, requested instructions for judgment, and in overruling motion for judgment notwithstanding the verdict of the jury. As to the latter proposition, i. e., the overruling of plaintiff's motion for judgment notwithstanding the verdict, we find such motion not warranted, and no error in the trial court's overruling the same.

Section 682, C. O. S. 1921, is as follows:

"Where upon the statement in the pleadings one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

In construing this statute this court has held that a trial court is without jurisdiction, in the absence of special findings, to enter judgment non obstante veredicto, unless the same is warranted by the pleadings. Barnes v. Universal Tire Protector Co., 63 Okla. 292, 165 Pac. 176; Stapleton Motor Sales Co. v. Oates, 109 Okla. 173, 235 Pac. 513, and cases there cited.

The defendant's answer in the case at bar is sufficient to raise an issue, and plaintiff would not be entitled to judgment on the pleadings. Vaughn v. Ryan, 97 Okla. 226, 223 Pac. 344. Therefore, under the statutes and the decisions of this court plaintiff herein was not entitled to judgment notwithstanding the verdict.

Plaintiff insists that it was entitled to, in the trial court and now, a judgment in its favor, and in its brief and oral argument sets forth considerable evidence introduced on behalf of plaintiff. The rule, and this court has said:

"The question presented to a trial court upon a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may reasonably be drawn there-

from, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith.

"The court may direct a verdict for plaintiff or defendant, as the one or the other may be proper, only where the evidence is undisputed or is of such conclusive character that the court in the exercise of a sound judicial discretion would be compelled to set aside a verdict in opposition to it." Moore v. First Nat. Bank, 30 Okla. 623, 121 Pac. 626.

See, also, City of Wynnewood v. Cox, 31 Okla. 563, 122 Pac. 528.

In the case of Abbott et al. v. Dingus, 44 Okla. 568, 145 Pac. 365, the court in the fifth paragraph of the syllabus said:

"It is only when the evidence, with all the inferences the jury could justifiably draw from it, will be insufficient to support a verdict for plaintiff that the court is authorized to direct a verdict for defendants; and, unless the conclusion follows as a matter of law no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury, under proper instructions."

See, also, Haddock v. Sticelber & Mong, 65 Okla. 254, 165 Pac. 1138.

"The question of error in peremptory instruction of verdict must be determined by eliminating all adverse evidence and accepting as true all evidence, including every reasonable inference deducible therefrom, in favor of the party against whom such instruction was given. Jones v. Citizens State Bank, 39 Okla. 394, 135 Pac. 378." Sartain v. Walker, 60 Okla. 258, 159 Pac. 1096.

The evidence on behalf of defendant, in part, is as follows (defendant testifying, C.-M. p. 110):

"Q. That brings us down so far as this case is concerned to the case of Fred C. Joplin. Were you sued in that case? A. No, sir. Q. Where was that suit filed? A. In Oklahoma county. Q. Were you ever called upon to defend or made a party in that action? A. No, sir. (Case-made, p. 111). Q. In any of those suits filed against you did you employ competent counsel to represent you? A. I thought I had the best that could be had. Q. In any of the suits that were brought against you and them did you ever fail immediately upon the filing of such suit to employ competent counsel to look after the case? A. I never did. Q. In any of these actions in in which you were a party you defended them successfully? A. Yes, sir, all of them. Q. In any case where you were defending has it been your lawyer or the insurance company's lawyer that defended

you? A. My lawyer. Q. I believe you say there has never been a judgment rendered against you? A. No, sir."

Referring to attorneys for plaintiff surety company, the question was asked (Case-made, p. 114):

"Q. When they would be down here did they ever advise you or your attorney they were down here representing you and charging you for it? A. Mr. Ross was here one time, only time I ever saw him in the case. He was down here during the Cline case. He helped in the case—he helped Mr. Seay, and when the case was over I asked Mr. Ross several times about how much do I owe you, and he said, 'forget about it'."

Some other evidence was introduced tending to show no services were performed or rendered in the matter of defense of the actions set out in plaintiff's petition by attorneys representing the surety company.

Defendant's evidence and the inference therefrom and conclusion likely reached by the jury thereon as to attorney's fees and expenses alleged to have been incurred and paid by plaintiff in defense of actions on the bond were that such expense was not incurred; if so, not in good faith, or was unnecessary. If the question of such expense had been properly submitted to the jury their verdict might have been different thereon. Plaintiff objected to the court's instructions as to such expense, which objection we think good, and further reference to such matter is made later in this opinion.

As to plaintiff's fifth cause of action referred to in the record as the "Joplin" case, being a suit to recover from the surety on the official bond of defendant for alleged unlawful acts of a deputy sheriff resulting in injuries to plaintiff, very little evidence was introduced as to that cause. However, it was shown by the defendant that the action was filed in Oklahoma county, and that he was not made a party thereto and that he was not called upon to defend the same.

Under the provisions of section 201, C. O. S. 1921:

"Actions for the following causes must be brought in the county where the cause, or some part thereof, arose:

"* * * Second. An action against a public officer for an act done by him in virtue or under color of his office, or for neglect of his official duty.

"Third. An action on the official bond or undertaking of a public officer."

And section 5449, C. O. S. 1921:

"Venue of Actions Against Company. Any surety company doing business under the provisions of this article may be sued in respect thereof in any court of the United States or the state of Oklahoma which has jurisdiction of actions or suits upon (which) such recognizances, stipulations, bond or undertaking, was made or guaranteed. And for the purpose of this article such recognizance, stipulation, bond, or undertaking shall be treated as made or guaranteed in the county in which the office is located, to which it is returnable, or in which it is filed, or in the county in which the principal of such recognizance, stipulation, bond, or undertaking resided when it was made or guaranteed."

The venue of the Joplin case was properly in Jefferson county, but the defendant in that action, plaintiff herein, surety on the bond sued upon, waived the jurisdiction, as it claimed, believing it to the best interest of plaintiff and that of the principal so to do, and was bound by the judgment in such cause. See Hume v. Cragin, 61 Okla. 219, 160 Pac. 621.

Section 5177, C. O. S. 1921, relating to interpretation of contract of indemnity, contains the following rules:

"Fourth. The person indemnifying is bound, upon request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defense, if he chooses to do so.

"Sixth. If the person indemnifying, whether he is a principal or a surety in the agreement, has not reasonable notice of the action or proceedings against the person indemnified or is not allowed to control its defense, judgment against the latter is only presumptive evidence against the former."

In the case of Missouri, K. & T. R. Co. v. Ellis et al., 78 Okla. 150, 189 Pac. 363, the first paragraph of the syllabus is in part as follows:

"One who is required by law or contract to protect another from liability is bound by the result of the litigation to which such other is a party, provided the former had notice of such litigation and an opportunity to control its proceedings; and a judgment against a party indemnified is conclusive in a suit against his indemnitor only as to the facts therein established. * * *"

See, also, The Law of Suretyship, Stearn, sec. 193, p. 342; The Law of Suretyship, Spencer, sec. 255, p.358; Peery v. Merrill, 75 Okla. 55, 179 Pac. 28; Freeman on Judgments (4th Ed.) 181; Snyder v. U. S. F. & G. Co., 119 Okla. 280, 249 Pac. 422.

The defendant in the case at bar, Ballard, principal on the bond sued upon in the Joplin case, was not requested to defend the same. Furthermore, the defendant in that case, the surety, saw fit to waive the jurisdiction provided for in such cases, and under the record and facts shown, the judgment rendered in the Joplin case was only presumptive evidence against the defendant in the case at bar, and the defendant, as a defense, is permitted to show lack of good faith and exercise of reasonable discretion on the part of plaintiff in its defense in the Joplin case, which view may have been taken by the jury.

No objection was made by the plaintiff to the affirmative matters or defenses set out in the answer of the defendant, and no question raised as to the sufficiency of such pleadings, and plaintiff and defendant each, apparently, introduced evidence and testified to such matters as they saw fit. In view of the decisions of this court and herein cited, the fact that the parties to this action were and are entitled to have the issues determined by a jury under proper instructions, and in view of the evidence and the record in the case at bar, we do not feel justified or authorized, here and now, in directing or holding the plaintiff entitled to a judgment upon the issues in the case.

Plaintiff objected to instructions Nos. five and six, and set up as grounds for a new trial and in its petition in error the giving of such instructions, which were as follows:

"No. 5. You are instructed that if you find and believe by a fair perponderance of the evidence in this case that the plaintiff incurred the expenses sued for, and that same arose because of said plaintiff being surety upon defendant's bond and that said expense was fairly and honestly incurred, and that same was necessary to the proper protection of the plaintiff herein, then and in that event your verdict should be for the plaintiff in such sum or sums as you deem it entitled to receive not to exceed the amount sued for."

That part of the above instruction which reads, "and that same was necessary to the proper protection of the plaintiff herein," we think erroneous and objectionable, in that it cast a burden upon the plaintiff to show that the expenses, such as attorney's fees, were necessary, regardless of whether they were incurred in good faith and in the exercise of reasonable discretion. Instruction No 6 was as follows:

"No. 6. On the other hand, gentlemen, if you find that the defendant, Ballard, employed competent counsel to represent him in said action brought against him as sheriff and on his official bond, and that it was unnecessary for the plaintiff herein to employ additional counsel, in that event, your verdict should be for the defendant."

The instruction No. 6 was likewise objectionable, erroneous, and prejudicial, in that it apparently took from the plaintiff the right to employ counsel in its defense, if the jury should find it unnecessary by reason of the defendant, principal on the bond, employing competent counsel, regardless of whether such expense was incurred by plaintiff in good faith and in the exercise of reasonable discretion. The principal under the bond, Ballard, the defendant in this action, agreed and stipulated under the contract with the surety company to pay the company any and all loss, costs, charges, suits, damages, counsel fees, and expenses of whatever kind or nature, which said company shall or may for any cause sustain or incur or be put to for or by reason or in consequence of said company having executed said bond.

In the case of United States Fidelity & Guaranty Co. v. Hittle (Iowa) 96 N. W. 782, the syllabus is as follows:

"Plaintiff furnished defendant's official bond on the express condition that he would indemnify it against all loss, counsel fees, and expenses of every kind which it should for any cause sustain or incur by reason of its having executed the bond. Held, that plaintiff was entitled, in the absence of bad faith, to recover for fees of counsel employed by it in a suit brought against it and defendant on the bond, though he had employed competent counsel to represent them both, and had notified it thereof."

We do not agree and are not inclined to follow the entire reasoning of the court to the full extent of its opinion in the above case, but we do think the principal part of the reasoning and the syllabus are substantially correct and apply to the case at bar.

We find no decision of this court deciding the identical question as to such expense. However, this court in the case of American Surety Co. v. Cabell, 58 Okla. 145, 159 Pac. 352, discussed to some extent the question of recovery of attorney's fees by surety, and therein citel certain cases. Under section 5177, C. O. S., supra, there are laid down certain rules for interpretation of contracts of indemnity in which, under the covenant of agreement entered

into by the principal in the case at bar, we find the correct rule of interpretation laid down under the third division of the above section of our statute, which reads as follows:

"Third. An indemnity against claims or demands, or liability, expressly or in other equivalent terms, embraces the costs of defense against such claims, demands or liability incurred in good faith, and in the exercise of reasonable discretion."

Under the evidence and record herein, plaintiff is entitled to have submitted to a jury the question of recovery of the sums alleged to have been expended and paid out as surety on the official bond of defendant, without embodying therein the question of whether such expense was necessary. It might appear in view of the final outcome of the cases defended by plaintiff under the bond, that such expense could have been avoided and was unnecessary, but such fact would not, necessarily, prevent plaintiff from recovering, provided, such expenditures were reasonable and incurred in good faith and in the exercise of reasonable discretion.

For the foregoing reasons, the judgment of the trial court is reversed and remanded, with directions to grant a new trial.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 33 C. J. p. 1178, §111. (2) 38 Cyc. pp. 1568, 1570; 26 R. C. L. p. 1067; 3 R. C. L. Supp. 1491; 4 R. C. L. Supp. p. 1694; 5 R. C. L. Supp. p. 1438; 6 R. C. L. Supp. p. 1581. (3) 32 Cyc. p. 275.