DRAPER v. NELSON.

1. SALES—WHEN TITLE PASSES.

 Generally, when one has agreed to sell and the other to buy a specific and designated article, the title passes to the purchaser at once unless the contract indicates the intention to have been otherwise.

2. CONTRACTS—SALE OF PERSONALTY AND REALTY—SEVERABILITY—INTENT.

 Contract to sell personalty along with real estate on certain conditions as to payment is not severable unless made so by the contract.

3. SAME—VENDOR AND PURCHASER—PASSING TITLE TO PERSONALTY SOLD WITH REALTY—CONVERSION.

 Where contract for sale of land and personal property provided that personal property should be maintained during life of contract at not less than present amount, title thereto did not pass, although purchaser was given possession, and, therefore, when he defaulted, vacated the premises, and took the personalty with him, he became liable for its value.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted April 16, 1931. (Docket No. 119, Calendar No. 35,607.) Decided June 1, 1931.

Case by Ella M. Draper and another against Gordon E. Nelson for the conversion of certain personal property. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Earl L. Burhans* and *Lewis R. Williams,* for plaintiffs.

*David Anderson,* for defendant.

SHARPE, J. On July 23, 1927, the plaintiff Ella M. Draper entered into a written agreement with the defendant in which she agreed to sell to him 40 acres of land described therein and the following personal property:

"1 team horses and harness, 3 cows, 1 brood sow and 7 shoats, chickens now on the farm, all farm tools also all crops on the farm at time of sale harvested or unharvested,"—

for the sum of $6,500, to be paid for as follows: $200 on execution of the agreement, $1,300 on or before August 15th and $200 or more annually until $3,000 and interest at 6 per cent. had been paid, when a warranty deed would be given and mortgage taken for the balance.

On August 29, 1927, when the $1,500 had been paid, a land contract in the usual form was entered into by the parties, with conditions as to payments of the balance similar to those above stated. The personal property was referred to therein in the following language:

"This contract to include personal property on the farm, which personal shall be maintained during the life of this contract at not less than the present amount."

Defendant defaulted in his payments. A notice of forfeiture was given, and he vacated the premises on October 15, 1930, taking the personal property with him. Plaintiffs bring this action to recover the value thereof. The trial court held that under the provisions of the contracts the title to the personal property was still in the plaintiffs and that the defendant was liable for the conversion thereof. He submitted the question of its value to the jury, and entered a judgment for the plaintiffs for the amount thereof as found by them.

In the conceded facts in the case made, by which review in this court is sought, it is said:

"Defendant makes no claim of error as to the proofs submitted or the verdict rendered as to the amount of damages, defendant hereby admitting that if there was a cause of action at all in favor of plaintiffs the judgment is correct in amount."

The contract first entered into was simply an agreement on the part of the plaintiff to sell certain real estate and personal property to the defendant at a stated price. No title passed to the defendant thereunder. When the $1,500 had been paid, the land contract was entered into and possession of both the real and personal property delivered to the defendant. It contained the usual provision that in case of default in payment the plaintiffs (vendors) should have the right to declare the contract void and to retain all payments as stipulated damages for nonperformance.

Counsel for the defendant insists that the title to this personal property passed to him when delivery was made thereof. Ordinarily, this is so.

"It is a general rule that, when one has agreed to sell and the other to buy a specific and designated article, the title passes to the purchaser at once, unless the terms of the contract indicate the intention to have been otherwise." *People* v. *Sheehan*, 118 Mich. 539, 541.

The seller may, however, reserve title in himself, and that, in effect, is what we think was here done. Plaintiff agreed to sell the personalty along with the real estate on certain conditions as to payment. It was not a severable contract (*Gates* v. *Gamble*, 53 Mich. 181) unless made so by the contract thereafter executed. Title surely did not pass thereunder, although possession was at that time given. The purpose of the land contract was to more formally express the rights and obligations of the parties relative to such sale. The reference to the personalty therein, while peculiarly worded, negatives any intent that the title to it had passed to the defendant. A considerable payment had then been made, and, had it been intended that title would then pass, no allusion to it would have been made.

"Every word in the agreement must be taken to have been used for a purpose, and no word should be rejected as mere surplusage if the court can discover any reasonable purpose thereof which can be gathered from the whole instrument." 6 R. C. L. p. 838, quoted in *McIntosh* v. *Groomes*, 227 Mich. 215, 218.

"It is elementary that a contract must be construed so as to effectuate the intent of the parties when it was made; and, to ascertain the intent of the parties, a contract should be construed in the light

of the circumstances existing at the time it was made." *Kunzie* v. *Nibbelink,* 199 Mich. 308, 314.

"It is also true that what is plainly implied from the language used in a written instrument is as much a part thereof as if it was expressed therein." *Maclean* v. *Fitzsimons,* 80 Mich. 336, 343.

No claim is made that the personal property for which judgment was recovered is not the same as that listed in the agreement first entered into. In our opinion, the trial court correctly disposed of the matter.

The judgment is affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.