### WRIGHT v. FIDELITY & DEPOSIT CO. OF MARYLAND.

No. 24640. Dec. 17, 1935.

Rehearing Denied Jan. 21, 1936.

Application for Leave to File Second Petition for Rehearing Denied March 10, 1936.

A. Gray Gilmer and John H. Wright, for plaintiff in error.

Thurman, Bowman & Thurman and T. Raymond Higgins, for defendant in error.

BAYLESS, J. The plaintiff in error, John H. Wright, plaintiff below, appeals to this court from a judgment of the district court of Oklahoma county, Okla., in favor of the defendant in error, Fidelity & Deposit Company of Maryland, a corporation, the defendant below. The parties will be referred to as they appeared in the trial court.

The facts are these, substantially: Plaintiff (and another who need not be noticed further herein) entered into a written contract with one McCright, a builder, to construct a hotel building, and defendant became surety upon McCright's bond for the faithful performance of the contract. The contract price for the building was to be $400,000 or such part thereof as was necessary to pay for the materials, labor, etc., plus 10

per cent. thereof for McCright's services. Later alterations in the plans and specifications changed the contemplated maximum cost somewhat, but not in a manner material to the determination of this action. When McCright had completed the building he was paid a certain amount by the plaintiff. Litigation then ensued between plaintiff and McCright, McCright claiming not to have been paid in full and plaintiff cross-petitioning for overpayments alleged to have been procured from him by McCright by means of misrepresentation, fraud, and deceit. Plaintiff recovered judgment against McCright, by a verdict of the jury, for the sum of $37,241.52. Plaintiff then instituted the action out of which this appeal arises, against defendant as surety on McCright's bond.

The principal defense made by the defendant is: That the bond is what is called a performance bond as distinguished from a fidelity bond, and it has not undertaken nor is it bound to assure McCright's fidelity in his relations with plaintiff.

The plaintiff contends that because of the obligations resting upon McCright, under the contract, he was bound to be honest and faithful in his dealings with plaintiff and that the defendant obligated itself to assure McCright's honesty, faithfulness, and fidelity.

The pertinent portions of the contract between plaintiff and McCright are as follows:

"Article 1.

"The contractor shall furnish all of the materials and perform all of the work shown on the drawings and described in the specifications entitled Black Hotel, 10 stories in height, and located at Hudson & Grand avenues, Oklahoma City, Okla. * * * and shall do everything required by this agreement, the general conditions of the contract, the specifications and drawings. * * *

"Article 3.

"The owner shall pay the contractor for the performance of the contract, subject to additions and deductions provided therein, in current funds, as follows: $400,000 (four hundred thousand dollars) * * * or such part thereof as is necessary to pay for all labor, material, appliances, bond, traveling expenses, interest, overhead, etc., required to erect and complete the structure plus 10%, which is to pay for the contractor's services. the contractor agrees to guarantee the cost, however, not to exceed the above stipulated amount. * * *

"Article 4.

"Progress Payments — The owner shall make payments on account of the contract

as provided therein, as follows: On or about the first * * * day of each month * * * 100% per cent. of the value, based on the contract prices of labor and materials incorporated in the work and of materials suitably stored at the site thereof up to the * * * first day of that month, as estimated by the architect. less the aggregate of previous payments; and upon substantial completion of the entire work, a sum sufficient to increase the total payment to * * * 100% * * * per cent. of the contract price. * * * The owner shall pay the contractor 75% of his fee monthly as the work progresses."

The pertinent portions of the bond are as follows:

"Know all men: That we, E. V. McCright * * * hereinafter called principal and Fidelity and Deposit Company of Maryland * * * hereinafter called the surety, are held and firmly bound unto John W. Wright * * * hereinafter called the owners, * * * in the sum of two hundred thousand and no/100 ($200,000) dollars. * * *

"Whereas, the principal has, by means of a written agreement, dated June sixteenth, 1930, entered into a contract with Lucian Black for construction of a ten story building at the corner of Hudson street and Grand avenue, Oklahoma City, Okla., a copy of which agreement is by reference made a part hereof:

"Now, therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the owners from all costs and damage which he may suffer by reason of failure so to do, and shall fully reimsure (sic) and repay the owners all outlay and expense which the owners may incur in making good any default, and shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void; otherwise, it shall remain in full force and effect."

Since the bond refers to the contract and makes the contract a part of the bond, the two must be construed together. 50 C. J. 77, citing Commercial Cas. Ins. Co. v. Breckenridge, 128 Okla. 215, 262 P. 208, and Willoughby v. Fidelity & Deposit Co., 16 Okla. 546, 85 P. 713, 7 L. R. A. (N. S.) 548.

In our opinion the general rule for interpreting the obligations of a surety on a bond is generally stated in 21 R. C. L. 975, sec. 28. This is a rule calling for a strict interpretation. However, many courts, and this one among them, make a difference in the application of the rules of construction of the obligations of a gratuitous surety and

a compensated surety, or a surety for hire, as our statute puts it. See section 10613, O. S. 1931, and the cases of Columbia B. & T. Co. v. U. S. F. & G. Co., 33 Okla. 535, 126 P. 556; Southwestern Surety Ins. Co. v. Bd. of Com'rs, 77 Okla. 137, 187 P. 467; and Fuqua v. Tulsa Masonic Bldg. Ass'n, 129 Okla. 106, 263 P. 660. See, also, 50 C. J. 80, sec. 133. The duty of this court, then, is to ignore the rule of strictissimi juris, and to liberally construe the obligations of the contract of surety under consideration.

Referring again to the portion of the bond above quoted relating to the conditions, the surety construes the bond as though it read:

"* * * The condition of this obligation is such that if the principal shall faithfully perform the contract on his part, in the following particulars, or by faithfully performing the following, * * *" and then follow four things to be done by the contractor.

In other words, "the faithful performance of the contract on his part" is the extent of the general words, and what follows is a specific enumeration or limitation of what is meant by the general words.

In our opinion, the phrase (1) "the faithful performance of the contract on his part"; (2) the satisfaction of all claims and demands incurred for the contract; (3) the indemnification of the owner for damages occasioned by the failure faithfully to perform; (4) the reimbursement of the owner for all outlay or expense incurred by the owner in making good any default of the contractor; and (6) the prevention of liens on the part of laborers and materialmen by the payment of their claims are all separate obligations, and Nos. 2, 3, 4 and 5 are not included in or comprehended within No. 1, nor are they explanatory thereof, nor limitations thereon.

What were the things which plaintiff had a right to receive from McCright, under the building contract? In our opinion, they were the following: (1) McCright to serve a builder; (2) a completed ten-story building, according to the specified plans; (3) McCright was to furnish all material and labor, etc., for such part of $400,000 as was necessary; (4) that McCright should receive from plaintiff, by way of reimbursement, McCright's actual expenditures, plus 10 per cent. payable in monthly installments as the work progressed; and (5) the building would be completed within a specified time, without delay or default and without liability for liens or damages on the part of the

plaintiff. We find nothing in defendant's briefs which will indicate that it would take issue with any of these enumerated items. But it does say that there is nowhere expressed or implied in these matters an obligation on the part of McCright to be faithful in the sense of honesty or fidelity.

The very words "honesty or fidelity" are not found in the writings; but they are so plainly implied and so necessarily a part thereof they cannot be ignored. The word "faithful" is defined in Webster's New International Dictionary as being synonymous with "trusty," "honest," and "trustworthy." The cases cited by the defendant from Texas and Arkansas differ materially from this case, and we are not inclined to follow them.

The court of New York well expressed the rule when it said in the case of Nikulnikoff v. Archbishop, etc., 142 Misc. Rep. 894, 255 N. Y. S. 653:

"A contract consists, not only of the agreements which the parties have expressed in words, but also of the obligations that are reasonably implied."

Again it said in Kirke LaShelle Co. v. Paul Armstrong Co., 263 N. Y. 79, 188 N. E. 163:

"Every contract contains implied covenant that neither party shall do anything which will destroy or injure other party's right to receive fruits of contract."

The Supreme Court of Michigan expressed it thus in Draper v. Nelson, 254 Mich. 380, 236 N. W. 808:

"What is plainly implied is as much part of written instrument as if expressed therein."

The courts of Texas have well stated the limits beyond which the rule of implication will not be extended, in Humble Oil & Ref. Co. v. Reclamation Co. (Tex. Civ. App.) 58 S. W. (2d) 1082, when it said:

"Covenants are implied only where so clearly part of contract that court can say parties considered them so without necessity of writing them into contract, or where implying such covenants is necessary to carry out expressed agreements."

See, also, Weatherly v. American Agr. Chem. Co. (Tenn. App.) 65 S. W. (2d) 592, and Rogers v. Sheerer, 77 Me. 323.

McCright was charged with the obligation of purchasing all materials, etc., and hiring all labor. And since he was to be reimbursed for such expenditures, and since his services were to be compensated by a percentage thereof, and since he guaranteed the cost not to exceed $400,000, and it was to be as much less than that figure as was necessary to complete the contract, it is plain that he was to keep account of his expenditures and was to furnish them to plaintiff as the basis for plaintiff's payments to him.

It does not do violence to the contract of the parties, nor is it any strain thereon, to say that plaintiff, McCright, and defendant all understood and agreed that McCright would be honest in his dealings with plaintiff in these particulars.

The defendant argues that a certain letter written by the plaintiff to it shows that previous to the filing of this action the plaintiff had construed the contract as contended for herein by the defendant. We do not agree with this contention. However, it is not shown that defendant was prejudiced by this so-called former construction of the bond, nor are any facts pleaded or shown by the defendant which would estop plaintiff to later change his theory and bring this action.

The defendant next contends that it was a proper and necessary party to the action between plaintiff and McCright. It had notice of the pendency of the action, but contends that it had no notice of plaintiff's cross-claim against McCright. Defendant merely denied in its answer that it was a party to the former action. It did not attempt to establish estoppel or any other defense of that nature, based upon a lack of information regarding plaintiff's cross-petition therein. Plaintiff denied the allegations of the answer, and defendant introduced no evidence in support of this phase of the defense if it considered it included within its answer. As to whether defendant was a proper party, we are inclined to the opinion it was. There is no doubt that McCright could have been proceeded against first, or simultaneously with defendant. In the case of Perry v. Merrill, 75 Okla. 55, 179 P. 28, a principal and surety were proceeded against jointly, but upon a demurrer being presented and sustained upon the theory of a misjoinder of causes of action, the trial court separated the actions and docketed them separately, proceeded to the determination of the principal's liability, and then proceeded against the surety.

The question of the conclusiveness on the surety of a judgment against the principal is noticed and discussed in Perry v. Merrill, supra, and adopts the general rule announced

in 21 R. C. L. 1088, sec. 129, and 50 C. J. 196, sec. 336, notes 12-17.

We are therefore, of the opinion that under the terms of the contract herein, made a part of the bond, the obligations, expressed and implied, included the obligation of fidelity from McCright to plaintiff, and when plaintiff had closed his evidence in this trial of this action he had made a prima facie case gainst defendant, and when defendant did not introduce evidence the trial court erred in rendering judgment against plaintiff and in favor of the defendant.

The cause is reversed and remanded, with directions to proceed in conformity with the views herein expressed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.