**SUPERIOR WELDING, INC., Appellee,**

v.

**LAMAMCO DRILLING COMPANY, Appellant.**

**No. 84468.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 13, 1996.

Curtis J. Biram, Biram & Kaiser, Tulsa, for Appellant.

James W. Connor, Selby, Connor, Maddux & Janer, Bartlesville, for Appellee.

MEMORANDUM OPINION

ADAMS, Vice Chief Judge:

Lamamco Drilling Company appeals a trial court summary adjudication order which entered judgment against Lamamco in favor of Superior Welding, Inc. Superior had sued Lamamco contending Lamamco was liable for sales tax assessed by the Oklahoma Tax Commission arising from the sale by Superior to Lamamco of certain oil and gas properties, including equipment and vehicles. Lamamco contends summary judgment in Superior's favor was inappropriate because the parties' intent concerning sales tax is an unresolved question of fact and Superior's claim was barred by the statute of limitations.

In addressing Lamamco's claim that summary adjudication was inappropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and Superior is entitled to judgment as a matter of law. *Perry v. Green,* 468 P.2d 483 (Okla.

1970). All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Lamamco. *Ross v. City of Shawnee,* 683 P.2d 535 (Okla.1984). We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Cas. Co.,* 698 P.2d 17 (Okla.1985).

The material facts are undisputed. Superior and Lamamco entered into a written purchase agreement whereby Superior agreed to sell and Lamamco agreed to buy certain producing oil and gas properties, including associated equipment and vehicles. The agreement provided for a "Preliminary Purchase Price" which was to be adjusted by certain expenses incurred and proceeds of production received by Superior between the effective date of the contract and the closing. The transaction closed February 10, 1989, and pursuant to additional contract provisions, Lamamco paid Superior in April of 1989 the amount determined under the contract still owing above the "Preliminary Purchase Price." Although the agreement included "all unpaid ad valorem, property, production, severance, and similar taxes and assessments accuring [sic] to the Oil and Gas Properties" and prorated the ad valorem, property and similar taxes as of the effective date of the agreement, it made no express provision for payment of sales tax. Both parties agreed that this issue was not considered in the negotiations which resulted in this agreement or in the amounts paid by Lamamco through April of 1989.

After Superior received an assessment from the Oklahoma Tax Commission for unpaid sales tax on this sale, including interest and penalty, Superior sent an invoice to Lamamco in January of 1992, requesting payment. Lamamco refused to pay, and Superior filed this action on May 26, 1992.

■ Lamamco contends it is not liable under the contract for payment of the sales tax. According to Lamamco, because the agreement is silent on this issue, we should presume as a matter of law that Superior was to pay the sales tax out of the purchase price. However, such a presumption would be contrary to the Legislature's requirement that the sales tax "be paid by the consumer or user to the vendor as trustee for and on account of this state." 68 O.S.1991 § 1361(A). Moreover, 68 O.S.1991 § 1361(B) contemplates that the tax is to be added to the "sales price, charge, consideration, gross receipts or gross proceeds of the sale ... and when added ... shall constitute a part of such price or charge, shall be a debt from the consumer or user to vendor until paid, and shall be recoverable at law in the same manner as other debts."

A contract exists not only in the parties' agreement as expressed in the words, but also in such covenants as are reasonably implied. *Wright v. Fidelity & Deposit Co. of Maryland,* 176 Okl. 274, 54 P.2d 1084 (1935). According to 15 O.S.1991 § 172, we must imply as part of this agreement "[a]ll things that in law or usage are considered as incidental to [this] contract, or as necessary to carry it into effect." Although implied covenants are not favored by the courts, *see Mercury Investment Company v. F.W. Woolworth Co.,* 706 P.2d 523 (Okla.1985), we are not called upon in this case to choose between implying a covenant or not implying a covenant. Both parties contend a covenant to pay the tax must be implied. They simply disagree concerning to which party the implied covenant assigns that obligation. The Legislature placed the economic burden of the sales tax on the buyer, Lamamco, and in the absence of any agreement by the parties shifting that burden, we must follow the Legislature's plan. As a matter of law, the parties' agreement included an implied covenant that Lamamco would pay the sales tax in addition to the purchase price.

■ Lamamco also argues Superior's claim is barred by the statute of limitations. According to Lamamco, Superior's claim is "an action upon a liability created by statute other than a forfeiture or penalty" and is therefore barred by the three-year limitations period in 12 O.S.1991 § 95 Second [now 12 O.S.Supp.1996 § 95(2)]. While the statute is the general source of the tax, this particular tax only arose as a result of a purchase agreement which was in writing, and according to § 1361(B) is part of the

44

price for that purchase. The applicable limitations period is the five years provided by 12 O.S.1991 § 95 First [now 12 O.S.Supp. 1996 § 95(1)]. Superior's claim was not barred by the statute of limitations.

The undisputed facts revealed by the evidentiary material presented to the trial court, considered in the light most favorable to Lamamco, together with all reasonable inferences from those facts, are consistent only with judgment for Superior. Accordingly, the trial court's judgment is affirmed.

AFFIRMED.

CARL B. JONES, P.J., concurs.

GARRETT, J., dissents:

I would concur if the issue relating to the statute of limitations were not involved. I agree with Appellant that this is "an action upon a liability created by statute other than a forfeiture or penalty", and was time barred by the three-year limitations period in 12 O.S.1991 § 95 Second [now 12 O.S.Supp.1996 § 95(2)].